**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 6, 2022

LETTER TO COUNSEL

RE:   *Eric J. v. Commissioner, Social Security Administration*
      Civil No. SAG-21-9

Dear Counsel:

On January 4, 2021, Plaintiff Eric J. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1.  I have considered the parties' cross-motions for summary judgment and Plaintiff's reply.  ECF Nos. 13, 16, 21.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on March 4, 2019, alleging a disability onset date of December 14, 2018.  Tr. 283-89.  His claim was denied initially and on reconsideration.  Tr. 182-87, 196-98.  On May 19, 2020, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 71-155. A supplemental hearing was held on August 27, 2020.  Tr. 36-70.  Following the hearings, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 19-35.  The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "cervical spine disorder, varicose veins of the bilateral lower extremities, and obesity."  Tr. 24.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 404.1567(b) except he can occasional[ly] reach overhead bilaterally.

Tr. 27.  The ALJ determined that Plaintiff was able to perform past relevant work as a chief guard

*Eric J. v. Commissioner, Social Security Administration*
Civil No. SAG-21-9
January 6, 2022
Page 2

"as that work is generally performed." Tr. 29. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 30.

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: 1) failed to discuss conflicting vocational expert ("VE") testimony regarding Plaintiff's past relevant work and, therefore, incorrectly determined Plaintiff's past relevant work fell under the Dictionary of Occupational Titles ("DOT") category of chief guard; and 2) failed to account for Plaintiff's need to elevate his legs in the RFC. ECF No. 13-1 at 16-25.

First, Plaintiff argues that the ALJ's finding that Plaintiff could perform his relevant past work as a chief guard at step four was erroneous. ECF No. 13-1 at 16-24. At step four, the ALJ must determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. 20 C.F.R. § 404.1520(f). Past relevant work is "work that [a plaintiff] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [a plaintiff] to learn to do it." *Id.* § 404.1560. Plaintiff "bears the initial burden of proving that []he is unable to perform [his] previous work." *Charlene W. v. Saul*, No. DLB-19-3441, 2021 WL 1224060, at *2 (D. Md. Mar. 31, 2021) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991)).

Here, during Plaintiff's first hearing, the VE testified that Plaintiff's work as a civilian guard at Fort Meade was a composite job of security officer and security manager. Tr. 134. A supplemental hearing was held, however, in order to further discuss Plaintiff's past relevant work as a civilian guard. The same VE testified at the supplemental hearing. The ALJ further clarified Plaintiff's job responsibilities and duties with Plaintiff. Tr. 44-49. The ALJ then asked the VE "in consideration of that testimony from the previous hearing about [the civilian guard] position, and then supplementing that with the current testimony about [Plaintiff's] duties, is it your continued understanding, or your continued opinion, that that position is best described as [a composite job]?" Tr. 51. The VE testified that he no longer believed that Plaintiff's civilian guard position was a composite job because, "I've given this a lot of thought because of the amount of time and energy that was put into this. It's my opinion at this point in time that the job that best describes that situation as described today would be that of a chief guard." Tr. 51. According to the VE, the chief guard position is generally performed at a light exertional level. Tr. 52. The VE then affirmed that Plaintiff could perform the chief guard position at a light exertional level with a limitation to occasional overhead reaching. Tr. 53. Therefore, in her decision, the ALJ determined that Plaintiff could perform his past relevant work as a chief guard that the VE "classified . . . as Dictionary of Occupational Titles # 372.167-014, which is classified as light exertion." Tr. 29. The ALJ noted that she "carefully reviewed the duties of the chief guard position as described in the [DOT] with [Plaintiff] and he indicated that he performed those duties while serving in that position." Tr. 29-30.

Plaintiff argues that the ALJ erred by not addressing the VE's change of mind between the hearings from viewing Plaintiff's work as a composite job to viewing it as a chief guard job.[1] ECF

---

[1] Plaintiff additionally argues that the VE improperly stated at the first hearing that Plaintiff's work as a civilian guard was a composite job of a security officer and security manager. ECF No. 13-1

*Eric J. v. Commissioner, Social Security Administration*
Civil No. SAG-21-9
January 6, 2022
Page 3

No. 13-1 at 19-20.  Plaintiff states that this is an apparent conflict between the VE's testimony and the DOT.  Plaintiff is correct that an ALJ is required to address any conflicts or apparent conflicts between the VE's testimony and the information contained in the DOT.  *See Pearson v. Colvin*, 810 F.3d 204, 208-10 (4th Cir. 2015), SSR 00-4p, 2000 WL 1898704, at *2 (2000) ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.").  In this case, however, there is no apparent conflict between the VE's testimony and the DOT; instead, the conflict is between the testimony of the VE at the first hearing and at the supplemental hearing.  Yet, as Defendant states, the VE "did not provide inconsistent testimony . . . but rather changed his opinion after listening to additional testimony from Plaintiff and thinking about it more."  ECF No. 16-1 at 8-9.  There is no requirement cited by Plaintiff that the ALJ must detail the VE's entire testimony in the opinion.[2]

Additionally, Plaintiff maintains that the VE did not explain his experience upon which he relied to determine that Plaintiff's past relevant work was classified as a chief guard.  ECF No. 13-1 at 21.  In the first hearing, the VE testified that his testimony was based on over 45 years of experience as a vocational counselor, conversations with employers, observations of people in the workplace, and experience in the military.  Tr. 142-43.  In the supplemental hearing, the ALJ asked Plaintiff's counsel whether he stipulated to the VE's qualifications, to which Plaintiff's counsel responded, "Absolutely."  Tr. 50.  Therefore, it was not necessary for the VE to detail his experience during the supplemental hearing.

Finally, Plaintiff argues that his work as a civilian guard should be considered work performed in the military because Plaintiff's position occurred on a military installation.  ECF No. 13-1 at 22-23.  The SSA Program Operations Manual System ("POMS") states that "[t]he DOT does not provide information about the physical and mental demands of all military occupations, so we are not always able to evaluate a military occupation as generally performed in the national economy."  POMS DI 25005.020.D.  It further notes that "[i]f the [plaintiff]'s military occupation is not in the DOT, and if the [plaintiff] is unable to perform [past relevant work] as he or she describes it, proceed to step 5."  *Id.*  In this case, however, the ALJ clarified with Plaintiff that he was not in the military when performing work as a civilian guard.  Plaintiff completed this work after retiring from the military.  Tr. 65.  Therefore, the information included in POMS is not relevant to Plaintiff's work as a civilian, even though he completed this work on a military installation.  Ultimately, my review of the ALJ's decision is confined to whether substantial

---

at 20.  Since the VE updated his findings at the supplemental hearing and instead determined that Plaintiff's work was not a composite job, this argument is inapposite.

[2] Plaintiff also argues that the ALJ should have consulted another VE because this VE changed his opinion between Plaintiff's hearings, in addition to other reasons.  ECF No. 13-1 at 23-24.  For the reasons stated above, the ALJ was not obligated to consult another VE.  Additionally, the ALJ detailed in the opinion that she considered Plaintiff's arguments regarding the need to wear a bulletproof vest and whether Plaintiff's work was a composite job.  Tr. 29-30.  The ALJ determined, however, that she would accept the VE's testimony regarding these arguments.  *Id.*

*Eric J. v. Commissioner, Social Security Administration*
Civil No. SAG-21-9
January 6, 2022
Page 4

evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Here, I find that substantial evidence supports the ALJ's determination that Plaintiff could perform his past relevant work as a chief guard as generally performed and, therefore, remand is not warranted.

Plaintiff's second argument is that the ALJ fails to accommodate his need to elevate his legs in the RFC. ECF No. 13-1 at 24-25. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p). "In other words, the ALJ must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). Of course, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

In this case, the ALJ found that Plaintiff's varicose veins of the bilateral lower extremities was a severe impairment, among others, at step two. Tr. 24. The ALJ also noted in the RFC that Plaintiff testified he was unable to work in part due to throbbing in his bilateral lower extremities. Tr. 27. However, upon review of Plaintiff's medical record regarding his varicose veins, the ALJ determined that "[t]he record generally reflects that [Plaintiff's] varicose veins and symptoms thereof are amendable to ultrasound guided sclerotherapy. In March 2020, providers reported no pain or other discomfort, mild and few scattered varicose veins and mild venous edema." Tr. 28. Plaintiff points to an instruction in the medical record that Plaintiff should "elevate [his legs] when possible" and argues that this should have been included in the RFC. ECF No. 13-1 at 24. The ALJ properly considered Plaintiff's varicose veins, however, and determined that his symptoms were addressed through sclerotherapy. Plaintiff offers no other evidence to suggest that additional limitations were necessary in Plaintiff's RFC to address this condition. Accordingly, the ALJ's determination is supported by substantial evidence and remand is not warranted.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF No. 16, is GRANTED, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

*Eric J. v. Commissioner, Social Security Administration*
Civil No. SAG-21-9
January 6, 2022
Page 5


       Despite the informal nature of this letter, it should be flagged as an opinion.   An implementing order follows.


                   Sincerely yours,


                   /s/
                   Stephanie A. Gallagher
                   United States District Judge